

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2009

# USA v. Stallworth

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4386

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Stallworth" (2009). *2009 Decisions*. Paper 1870.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1870

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4386
_____

UNITED STATES OF AMERICA

v.

MICHAEL STALLWORTH,
also known as SKI


Michael Stallworth,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cr-00368)
District Judge:  Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2009

Before:  FUENTES, FISHER and ALDISERT, *Circuit Judges*.

(Filed: February 12, 2009)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Michael Stallworth was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) following a jury trial, and the District Court sentenced him to 195 months' imprisonment. Stallworth appeals from the District Court's judgment of sentence. For the reasons that follow, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On October 27, 2006, a confidential informant ("CI") called Stallworth and arranged for Stallworth to sell him twenty grams of crack cocaine for $600 at a particular address in Lakewood, New Jersey. Twenty minutes later, Stallworth met the CI at the agreed-upon location and sold twenty grams of cocaine to him in exchange for $600. The CI wore a recording device throughout the transaction, as provided by law enforcement officers. Laboratory test results showed that the substance Stallworth sold to the CI contained approximately 17.8 grams of cocaine base. Law enforcement officers subsequently arrested Stallworth. Trial commenced, and on August 2, 2007, a jury found Stallworth guilty of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).

Stallworth's sentencing hearing was held on November 8, 2007, at which the District Court calculated his total offense level as 26, but due to his career offender status it increased to 34. As a career offender, Stallworth's criminal history was category VI. His undisputed Guidelines range, therefore, was 262 to 327 months' imprisonment.

Stallworth moved for a downward departure under Guidelines § 4A1.3, asking the District Court not to sentence him as a career offender. Calling Stallworth's criminal history "extensive and somewhat unique," the District Court acknowledged that it would still consider a departure or variance in light of the 18 U.S.C. § 3553(a) factors, Stallworth's lengthy Guidelines sentence, and his background and young age of nineteen. The District Court then declined to grant a departure, but granted a variance, finding Stallworth's Guidelines sentence "more than is necessary." The District Court sentenced Stallworth to 195 months' imprisonment, which was within a Guidelines range of 188 to 235 months' imprisonment, if a reduced criminal history category of V and a total offense level of 32 had been used. It also imposed supervised release for a term of five years and a fine of $3,000. Stallworth filed a timely notice of appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we exercise jurisdiction over Stallworth's appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the sentence imposed by the District Court for reasonableness. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). Specifically, "[w]e must first ensure that the

district court committed no significant procedural error" in reaching its conclusion, and if we determine that it has not, "we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range." *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008) (citing *Gall*, 128 S. Ct. at 597).

III.

Stallworth argues on appeal that the District Court abused its discretion in sentencing him as a career offender, overemphasized his criminal history in considering the 18 U.S.C. § 3553(a) factors, imposed an excessive sentence given the § 3553(a) retribution and deterrence considerations and the crack versus powder cocaine disparity, and abused its discretion in declining to grant him a greater variance in light of the § 3553(a) sentencing goals and the sentences other criminal defendants charged with the same crime as Stallworth have received. Although Stallworth does not categorize the District Court's judgment of sentence as procedurally erroneous or substantively unreasonable, we will address his arguments in such a manner in light of the *Gall* framework.

A.

We first examine Stallworth's sentence to ensure the District Court did not commit procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,

4

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597. Stallworth argues repeatedly that the District Court failed to fully consider all of the § 3553(a) factors in crafting his sentence, and we construe this as a procedural error argument. To the extent that Stallworth's arguments challenge the District Court's consideration of the § 3553(a) factors, we find the record demonstrates that the District Court gave "meaningful consideration" to the factors. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). We will nevertheless briefly discuss Stallworth's specific arguments.

Stallworth argues first that the District Court abused its discretion in rejecting his request not to sentence him as a career offender because it placed undue emphasis on his criminal history, and therefore did not properly consider all of the § 3553(a) factors. Stallworth asserts that because the District Court had the authority under *Kimbrough v. United States* to grant a downward variance from the Guidelines "based solely on policy considerations," it abused its discretion in failing to invoke that authority in this case. 128 S. Ct. 558, 570 (2007).

We find these arguments unpersuasive. The District Court, after considering the details of Stallworth's earlier offenses, found his initial Guidelines range prior to the career offender adjustment "clearly inadequate under the circumstances" given his record of violent offenses and potential for recidivism, and this determination finds support in

5

the Guidelines. *See* U.S. Sentencing Guidelines Manual § 4A1.3 cmt. background (describing conditions under which the career offender provision is particularly pertinent and therefore when a district court may not wish to grant a downward departure); *id.* § 4B1.1. The District Court did not indicate that it disagreed with the career offender provision as applied to Stallworth or that it lacked the authority to grant a downward variance, and thus *Kimbrough* is not implicated. In fact, based on the District Court's meaningful consideration of the factors, it ultimately granted Stallworth a variance and sentenced him significantly below his Guidelines range, albeit not as far below as Stallworth would have preferred. Therefore, we conclude that the District Court did not commit procedural error when it sentenced Stallworth in light of the career offender provision and the related § 3553(a) factors.

Stallworth also argues that the District Court gave undue weight to the sentencing goals of retribution and deterrence, and did not tailor an individualized sentence for him. However, the record indicates that the District Court recognized and rejected Stallworth's arguments relating to retribution and deterrence, stating that he "has proven to be dangerous and incorrigible, and the public needs a substantial period of time of protection from him." Accordingly, we cannot agree that the District Court failed to adequately consider the sentencing goals under § 3553(a).

6

Thus, we find no procedural error in the District Court's sentencing decision, and we will now consider the substantive reasonableness of Stallworth's sentence. *Gall*, 128 S. Ct. at 597.

B.

In reviewing a sentence for substantive reasonableness, the Supreme Court instructs us to consider the totality of the circumstances. *Id.* Stallworth argues that the District Court's failure to sentence him to a lower term of imprisonment resulted in an excessive sentence given the crack/powder cocaine disparity we discussed in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). We find this argument unpersuasive. The District Court acknowledged on the record that Stallworth sought a downward departure or variance on this basis and considered his arguments. However, his Guidelines range was primarily driven by his criminal history and career offender status under Guidelines § 4B1.1, rather than the crack/powder cocaine ratio in the drug quantity tables of Guidelines § 2D1.1. Additionally, the District Court did grant Stallworth a variance after considering all of his sentence-mitigating arguments, just not as much of one as he had hoped. *See United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) ("The decision by the Court, however, not to give such mitigating factors the weight that [the defendant] contends they deserve does not render [his] sentence unreasonable."). Therefore, because the crack/powder cocaine disparity did not drive Stallworth's sentence and because we do not agree that his sentence is overly harsh, we reject Stallworth's argument.

7

Stallworth also argues that the District Court failed to avoid an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6) because Jerry Dorsey, another defendant prosecuted in a different case, received a sentence of only 60 months' imprisonment following his conviction for the same offense as Stallworth. *See United States v. Dorsey*, No. 3:07-cr-00486-GEB (D.N.J. Feb. 21, 2008). We interpret this argument as an attack on the substantive reasonableness of his sentence, but nonetheless find it unconvincing. First, Stallworth was convicted after a jury trial, and did not receive the three-point acceptance of responsibility deduction that Dorsey, who pled guilty, did receive. Second, Stallworth had a more extensive criminal history than Dorsey, which increased his Guidelines range dramatically through the career offender enhancement. Third, we have held that Congress' primary goal in including factor § 3553(a)(6), which emphasizes "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," was "to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Along these lines, we have stated in numerous cases that "[r]easonableness is a range," and therefore that one defendant "can find another case where a defendant charged with a somewhat similar crime and facing the same advisory sentencing range received a sentence outside of the applicable sentencing range does not make [the original defendant's] within-Guidelines sentence unreasonable." *United States v. Jimenez*, 513 F.3d 62, 91 (3d Cir. 2008).

8

Stallworth's argument is even weaker than arguments we have previously encountered because his Guidelines sentence was different than Dorsey's and because he received a sentence below his Guidelines range.

On these bases, Stallworth has not borne his burden of demonstrating the unreasonableness of his sentence, and we cannot conclude that the District Court abused its discretion in sentencing him.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.